UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWIN ENGRAM,<br><br>  Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-03221<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes EDWIN ENGRAM ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of PROCOLLECT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

### PARTIES

1

4. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39), as well as an Air Force veteran, residing in Dallas county, Texas, which lies within the Northern District of Texas.

5. Defendant boasts itself as "one of the Nation's premier debt collection agencies[.]"[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 12170 Abrams Road, Suite 100, Dallas, Texas 75243. Defendant engages in collection activities in several different states, including the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an apartment rental debt ("subject debt") purportedly owed by Plaintiff to McCallum Highlands Apartments ("McCallum").

8. However, in February 2018, Plaintiff was forced to break his lease with McCallum due to threats of physical violence he received.

9. Prior to breaking his lease, Plaintiff provided McCallum with all of the relevant information needed to break his residential lease as provided under Section 92.016 of the Texas Property Code.

10. Upon information and belief, McCallum, rather than terminate Plaintiff's lease as required under Texas law, instead erroneously found Plaintiff liable for various charges and subsequently placed Plaintiff's account with Defendant for collection purposes following Plaintiff's purported default on the subject debt.

---

[1] https://procollect.com/

11. On or about December 2019, Plaintiff checked his credit report and was shocked when he saw that Defendant was reporting a balance of roughly $4,700.00 in regards to his lease with McCallum.

12. Plaintiff immediately contacted Defendant and McCallum regarding this and informed them that he did not owe the debt they were seeking collection on as he properly broke the residential lease with McCallum

13. However, Plaintiff was given the run around as Defendant told Plaintiff to speak to McCallum and McCallum told Plaintiff to speak to Defendant.

14. Plaintiff sent Defendant and McCallum all of the pertinent information demonstrating that he rightfully broke his residential lease pursuant to Section 92.016 of the Texas Property Code.

15. However, Defendant continued to report this debt on Plaintiff's credit report, and continued in its efforts to collect the subject debt from Plaintiff, despite Plaintiff providing sufficient proof that he did not owe the debt Defendant was seeking collection on.

16. Confused and frustrated with Defendants' collection efforts, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

17. As a result of Defendant's conduct Plaintiff has suffered concrete harm, including but not limited to emotional stress resulting from the difficulty of being approved for a new rental residence due to the inaccurate information Defendant has placed on his credit report, frustration, aggravation, and several violations of his state and federally protected interests to be free from deceptive and misleading debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

3

20. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly uses the mail and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

21. The subject debt is a "debt" as defined by FDCPA §1692a (5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d**

22. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

23. Defendant violated § 1692d through its attempts to collect a debt from Plaintiff which Plaintiff does not owe, representing to Plaintiff that he owes a debt which he does not owe, and further attempting to collect such debt from Plaintiff by erroneously reporting this debt to a credit reporting agency and continuing in its efforts to collect a debt from Plaintiff despite the information it was provided, all of which is conduct that has the natural consequence of harassing, oppressing, and abusing Plaintiff.

    b. **Violations of FDCPA § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) through their attempts to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, when he had never incurred any debt from McCallum. Additionally, it was generally false, deceptive, and misleading for Defendant to report a debt to the credit reporting agencies when Plaintiff did not owe the subject debt.

    c. **Violations of FDCPA § 1692f**

27. The FDCPA pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f(1) further prohibits the collection of "any amount not authorized by the agreement creating the debt or permitted by law."

28. Defendants violated §§1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by representing to Plaintiff that he owed the subject debt, when in reality he did not. It is undoubtedly unfair and unconscionable for a debt collector, like Defendant to attempt to extract payment from Plaintiff even though Plaintiff had no obligation on the debt upon which Defendants sought collection.

WHEREFORE, Plaintiff, EDWIN ENGRAM, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

31. Defendant is a "debt collector[s]" and "third party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

32. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an alleged obligation arising from a transaction for personal, family, or household purposes.

   **a. Violations of TDCA § 392.304**

33. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

34. Defendant violated the above referenced provisions of the TDCA when it attempted to collect upon a debt which Plaintiff does not owe. Through their conduct, Defendant misrepresented the character, extent, and amount of Plaintiff's purported obligation on the subject debt by representing Plaintiff owed the subject debt and reporting the debt to Plaintiff's credit file, and further deceptively attempted to collect the debt from Plaintiff even though he had no underlying

obligation. Such conduct similarly constitutes the utilization of false representations and deceptive means in order to collect a debt.

WHEREFORE, Plaintiff, EDWIN ENGRAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 22, 2020                                     Respectfully submitted,

/s/ Nathan C. Volheim (Lead Attorney)        /s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103             Eric D. Coleman, Esq. #6326734
*Counsel for Plaintiff*                      *Counsel for Plaintiff*
Admitted in the Northern District of Texas   Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                      Lombard, Illinois 60148
(630) 568-3056 (phone)                       (630) 575-8181 (phone)
(630) 575-8188 (fax)                         (630) 575-8188
nvolheim@sulaimanlaw.com                     ecoleman@sulaimanlaw.com


/s/ Alejandro E. Figueroa
Alejandro E. Figueroa
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)

7

(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com